UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ETHAN BLUE BIRD,<br><br>Defendant. | 3:22-CR-30112-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS |

I. **Background**

Defendant Ethan Blue Bird was indicted for violating 18 U.S.C. § 922(g)(3) by knowingly possessing a firearm while knowingly being an unlawful user of a controlled substance. Doc. 1. Blue Bird moved to dismiss the Indictment, Doc. 36, arguing that § 922(g)(3) is unconstitutional, both facially and as applied, based on the Second Amendment and the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022). Docs. 36, 37.

Magistrate Judge Mark A. Moreno entered a Report and Recommendation for Disposition of the Motion to Dismiss Indictment recommending this Court deny the facial challenge and hold in abeyance or deny without prejudice the as-applied challenge. Doc. 41 at 1, 22. Blue Bird objected to the Report and Recommendation's legal conclusion that § 922(g)(3) is facially constitutional. See Doc. 46 at 1. Blue Bird notes Judge Moreno's decision that the precedent of the United States Court of Appeals for the Eighth Circuit is adverse to his position, and this Court

is bound to follow such precedent. Nevertheless, Blue Bird relies on out-of-circuit cases to argue that § 922(g)(3) is unconstitutional because there is no historical analog to a regulation that disarms a person unlawfully using a controlled substance while possessing a firearm.

## II.    Standard of Review

A district court reviews a report and recommendation under the standards provided in 28 U.S.C. § 636(b)(1), which states that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. The judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

## III.   Discussion

This Court has reviewed the Report and Recommendation de novo and agrees with its legal conclusions. The Eighth Circuit squarely rejects the proposition that § 922(g)(3) is facially unconstitutional. United States v. Seay, 620 F.3d 919, 925 (8th Cir. 2010). Although Seay predates Bruen, nothing in Bruen repudiates the holding in Seay, and many other courts within the Eighth Circuit continue to view Seay as good law and find it binding on whether § 922(g)(3) is facially unconstitutional. United States v. Robinson, No. 4:23-CR-40013-LLP, 2023 WL 7413088, at *4 (D.S.D. Nov. 9, 2023); United States v. Pruden, No. 23-CR-42-CJW-MAR, 2023 WL 6628606, at *2 (N.D. Iowa Oct. 11, 2023); United States v. Cooper, No. 23-CR-2040-CJW-MAR, 2023 WL 6441943, at *4–5 (N.D. Iowa Sept. 29, 2023); United States v. Alston, No. 1:23 CR 11 SNLJ (ACL), 2023 WL 5959865, at *5 (E.D. Mo. Aug. 26, 2023); United States v. Grubb, No. 23-CR-1041-CJW-MAR, 2023 WL 5352000, at *3–4 (N.D. Iowa Aug. 21, 2023); United States v. Walker, No. 8:22-CR-291, 2023 WL 3932224, at *5 (D. Neb. June 9, 2023); United States v. Le, No. 4:23-CR-00014-SHL-HCA, 2023 WL 3016297, at *2–3 (S.D. Iowa April 11, 2023).

District courts within the Eighth Circuit are bound to follow precedential decisions of the Eighth Circuit Court of Appeals. Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003); see also United States v. Faust, No. 23-CR-2005-LTS-MAR, 2023 WL 4669028, at *5 (N.D. Iowa June 30, 2023). "Absent the Eighth Circuit itself finding that Bruen overturned its holding in Seay," this Court must faithfully adhere to it as binding precedent. Grubb, 2023 WL 5352000, at *4.

Some district courts have found § 922(g)(3) to be unconstitutional. United States v. Connelly, No. EP-22-CR-229(2)-KC, 2023 WL 2806324, at *12 (W.D. Tex. Apr. 6, 2023); United States v. Harrison, 654 F. Supp. 1191, 1221 (W.D. Okla. 2023). After reviewing these non-binding, out-of-circuit decisions, however, this Court disagrees with the constrained view of historical evidence these courts take when looking for founding-era analogs to gun restrictions. Section 922(g)(3) is a constitutional restriction to the possession of firearms analogous to founding-era statutes regulating the mentally ill, intoxicated, and lawbreakers from possessing firearms, and therefore, does not violate the Second Amendment. See United States v. Okello, 4:22-CR-40096-KES, 2023 WL 5515828, at *3–5 (D.S.D. Aug. 25, 2023) ("Section 922(g)(3) operates for the same reason as those statutes: because habitual drug users . . . are more likely to have difficulty exercising self-control, making it dangerous for them to possess deadly firearms." (cleaned up and citation omitted).

Lastly, this Court cannot rule on Blue Bird's as-applied challenge before a trial on the merits. A district court cannot rule on an as-applied Constitutional challenge without resolving factual issues related to the alleged offense, such as the nature and scope of the defendant's drug use and the temporal proximity of the drug use to his or her possession of the firearm. See United States v. Turner, 842 F.3d 602, 604–06 (8th Cir. 2016) (considering an as applied challenge to § 922(g)(3)). Because the resolution of such issues falls within the jury's purview, the Court must

defer ruling on Blue Bird's as-applied challenge until after a trial. See <u>United States v. Hoeft</u>, 4:21-CR-40163-KES, 2023 WL 2586030, at *7 (D.S.D. March 21, 2023).

### IV. Conclusion

For the aforementioned reasons, it is hereby

ORDERED that Defendant Ethan Blue Bird's objections to the Report and Recommendation, Doc. 46, are overruled, and the November 14, 2023 Report and Recommendation, Doc. 41, is adopted. It is further

ORDERED that Defendant Ethan Blue Bird's Motion to Dismiss the Indictment, Doc. 36, is denied with prejudice as to the facial constitutional challenge and denied without prejudice as to the as-applied challenge.

DATED this 3rd day of January, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE